IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 20-cv-00299-PAB

FOREMOST SIGNATURE INSURANCE COMPANY,

    Plaintiff,

v.

AMERICAN EMERGENCY RESPONSE & RECOVERY COMPANY, LLC,
JOSEPH LIPSEY III,
SHIRA LIPSEY,
JOSEPH LIPSEY IV,
LILLIAN ROYER,
JACK JUNGQUIST,
INDIA CARDOMONE, and
WILLIAM LAING,

    Defendants.

## ORDER

This matter is before the Court on Plaintiff's Response to this Court's Second Order to Show Cause Dated June 8, 2020, and Request Stay of Same Pending Plaintiff's Request for Discovery [Docket No. 56].

Plaintiff asserts that this Court has jurisdiction pursuant to 28 U.S.C. § 1332. Docket No. 1 at 3, ¶ 4; Docket No. 27 at 3, ¶ 4 (amended complaint).[1]  On May 18, 2020, the Court ordered plaintiff to show cause why this case should not be dismissed

---

[1] This case is a declaratory judgment action brought pursuant to 28 U.S.C. § 2201 and Fed. R. Civ. P. 57.  Docket No. 1 at 1 (incorrectly referring to "38 U.S.C. § 2201"); Docket No. 27 at 1 (same).  Declaratory judgment actions "do not create jurisdiction." *Barr v. United States*, 478 F.2d 1152, 1156 (10th Cir. 1973).

for lack of subject matter jurisdiction. Docket No. 34. As relevant here, the Court indicated that the complaint failed to adequately allege the citizenship of defendant American Emergency Response & Recovery Company, LLC ("AER"). *Id*. at 2-3. Specifically, the Court found that the amended complaint failed to identify each of AER's members and those members' citizenship. *Id*. at 2-4; *see also Siloam Springs Hotel, LLC v. Century Sur. Co.*, 781 F.3d 1233,1237-38 (10th Cir. 2015) ("[I]n determining the citizenship of an unincorporated association for purposes of diversity, federal courts must include all the entities' members."). After plaintiff responded, the Court issued a second order to show cause on the issue of AER's citizenship on June 5, 2020. Docket No. 51. The Court concluded that the evidence provided by plaintiff did not indicate affirmative knowledge of all members of AER at the time the complaint was filed. *Id*. at 2.

On June 19, 2020, plaintiff responded to the second order to show cause. Docket No. 56. Plaintiff represents that "the only public information that is available" regarding AER's members is "what is provided publically [sic] by the State of Florida" – the documentation that the Court already found to be insufficient. *Id*. at 2. Plaintiff states that it contacted AER's counsel to request additional information concerning the identity of AER's members, but that AER's counsel failed to produce any information as of the date the response was filed. *Id*. at 2-5. Plaintiff requests that the Court grant (1) leave to conduct jurisdictional discovery as to the members of AER and (2) an extension of time to respond to the second order to show cause. *Id*. at 6.

"[T]he presumption is that [federal courts] lack jurisdiction unless and until a [proponent] pleads sufficient facts to establish it." *Celli v. Shoell*, 40 F.3d 324, 327

(10th Cir. 1994) (citing *United States v. Bustillos*, 31 F.3d 931, 933 (10th Cir. 1994)); *see also Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) ("[I]t is to be presumed that a cause lies outside this limited [federal] jurisdiction, . . . and the burden of establishing the contrary rests upon the party asserting jurisdiction"). The fact that AER's counsel has not provided information concerning plaintiff's members is not an equitable exception to the need for a party who files a case in federal court to demonstrate subject matter jurisdiction. "While various state legislatures have decided to permit the members of LLCs to remain anonymous to the public at large, Congress has not created an exception to the requirements of diversity jurisdiction which would allow the members of LLCs to remain anonymous in federal court." *U.S. Advisor, LLC v. Berkshire Prop. Advisors, LLC*, No. 09-cv-00697-PAB-CBS, 2009 WL 2055206, at *3 (D. Colo. July 10, 2009). In *Berkshire*, the Court remanded a case to state court based on a lack of subject matter jurisdiction where "both [LLC] parties ha[d] guarded the identities of their members and, as a result, their citizenship." *Id.* In so doing, the Court noted that the United States Supreme Court has acknowledged that the law in this area "can validly be characterized as technical, precedent-bound, and unresponsive to policy considerations raised by the changing realities of business organization." *Id.* (quoting *Carden v. Arkoma Assocs.*, 494 U.S. 185, 196 (1990)). However, the Court concluded that "the limitations that Congress has placed on federal courts' diversity-based jurisdiction require certain LLCs to decide between maintaining their members' anonymity and having their cases heard in federal court." *Id.* The Court cannot disregard plaintiff's burden of identifying AER's members and

3

demonstrating each member's citizenship so as to establish AER's citizenship for purposes of diversity jurisdiction. Because plaintiff has not met this burden, the Court finds that it does not have subject matter jurisdiction over this case.

As to plaintiff's request for jurisdictional discovery,[2] while a district court has the authority to permit discovery in order for a party to prove diversity jurisdiction, such discovery is discretionary. *See Budde v. Ling-Temco-Vought, Inc.*, 511 F.2d 1033, 1035 (10th Cir. 1975) ("An appellate court will not interfere with the trial court's exercise of its discretion to control its docket and dispatch its business except upon the clearest showing that the procedures have resulted in actual and substantial prejudice to the complaining litigant." (ellipsis removed)). While "refusal to grant discovery constitutes an abuse of discretion if the denial results in prejudice to a litigant," *Sizova v. Nat.'l Inst. of Standards & Tech.*, 282 F.3d 1320, 1326 (10th Cir. 2002), "the burden of demonstrating a legal entitlement to jurisdictional discovery – and the related prejudice flowing from the discovery's denial – [is] on the party seeking the discovery." *Breakthrough Mgmt. Grp., Inc. v. Chukchansi Gold Casino and Resort*, 629 F.3d 1173, 1189 n.11 (10th Cir. 2010). Plaintiff argues, without explanation, that a refusal to grant jurisdictional discovery would be "manifestly unjust and unfairly prejudicial," Docket No. 56 at 6, but plaintiff does not identify what prejudice it would suffer. *See Nancy P. Assad Trust v. Berry Petroleum Co.*, No. 13-cv-00544-PAB, 2013 WL 1151912, at *3 (D. Colo. Mar. 20, 2013) (noting that "there is no indication that dismissing this case will

---

[2] Plaintiff's "request" fails to comply with D.C.COLO.LCivR 7.1(d) ("A motion shall not be included in a response . . . [and] shall be filed as a separate document."). This alone is a sufficient basis to deny plaintiff's request.

4

prejudice plaintiff by depriving it of a forum in which to assert[] its claims"). The Court does not find that any prejudice will occur to plaintiff in denying the requested discovery.

Accordingly, the Court will decline defendant's request for jurisdictional discovery. Granting such a request would undermine the well-established rule that "[t]he party invoking federal jurisdiction bears the burden of establishing such jurisdiction as a threshold matter." *Radil v. Sanborn W. Camps, Inc.*, 384 F.3d 1220, 1224 (10th Cir. 2004); *see also Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1216 (11th Cir. 2007) ("[S]hould the plaintiff request leave to conduct discovery to support its assertion that the case is properly before the court, the court would deny such a request," as granting the request would "allow the plaintiff to look for what the plaintiff should have had — but did not — before coming through the courthouse doors."). The Court will dismiss this case. Accordingly, it is

**ORDERED** that this case is **DISMISSED WITHOUT PREJUDICE** for lack of subject-matter jurisdiction.

DATED June 25, 2020.

BY THE COURT:

_____
PHILIP A. BRIMMER
Chief United States District Judge